UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL RIVAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRAIG KOENIG,<br><br>　　　　Defendant. | No. 1:21-cv-00309-DAD-JLT (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. No. 20) |

　　　Petitioner is a state prisoner proceeding *in propria persona* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. No. 1.)  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　On September 20, 2021, the assigned magistrate judge issued findings and recommendations, recommending that respondent's motion to dismiss be granted and that the pending petition be dismissed.  (Doc. No. 20.)  Those findings and recommendations were served on petitioner and contained notice that any objections thereto were to be filed within thirty (30) days of service.  (*Id.* at 18.)  On November 15, 2021, petitioner filed objections to the pending findings and recommendations.  (Doc. No. 23.)  Therein, petitioner repeats his arguments that his habeas counsel's negligence combined with his own personal lack of legal knowledge constitute extraordinary circumstances justifying the untimely filing of his pending petition.  (*Id.* at 4.)  Petitioner's arguments in this regard were thoroughly and correctly addressed in the pending

1  findings and recommendations; and the magistrate judge's conclusion that the petition is untimely
2  and that petitioner failed to exhaust his claims in state court before filing this federal habeas
3  petition is fully supported and appropriate.
4        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
5  *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's
6  objections, the court finds the findings and recommendations to be supported by the record and
7  by proper analysis.
8        In addition, having concluded that the pending petition must be dismissed, the court now
9  turns to whether a certificate of appealability should issue. A state prisoner seeking a writ of
10 habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an
11 appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36
12 (2003); 28 U.S.C. § 2253. Where, as here, the court denies habeas relief on procedural grounds
13 without reaching the underlying constitutional claims, the court should issue a certificate of
14 appealability "if jurists of reason would find it debatable whether the petition states a valid claim
15 of the denial of a constitutional right and that jurists of reason would find it debatable whether the
16 district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
17 In the present case, the court finds that reasonable jurists would not find the court's determination
18 that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to
19 proceed further. Therefore, the court declines to issue a certificate of appealability.
20       Accordingly,
21     1.    The findings and recommendations issued on September 20, 2021 (Doc. No. 20)
22         are adopted in full;
23     2.    Respondent's motion to dismiss (Doc. No. 11) is granted;
24     3.    The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
25 /////
26 /////
27 /////
28 /////

4. The court declines to issue a certificate of appealability; and

5. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **December 21, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE